Day, J.
The case is submitted on motion to quash the summons, on the grounds: 1. The summons is not such summons in error as is required by law to be issued and served tn acquire jurisdiction of the defendant in error. 2. The service is asked quashed because the judgment sought to be reversed was rendered on the 17th of March, 1896, and the only .summons issued is dated June 6th, 1896,and was attempted to be served September 28, 1896, and at no other time.
The objection to the summons, urged by counsel, is that it does not “contain a statement that a petition in error has been filed in the case,” as required by Section 6713, Revised'Statutes. It is true it is not stated, in express words, that “a petition in error has been filed, but we think the statement is made in substance; and substance,not form, is the material thing, It is said: “The plaintiff has filed *561 a petition against the defendant in error, to obtain a reversal of the judgment named and definitely described, The names of both plaintiff and defendant are correctly given, so that there is no valid excuse or justification for a person of even ?ery ordinary intelligence to refuse or fail to clearly 'comprehend and fully understand that a petition in error had been filed against him. Therefore the motion to quash the summons in error, we think, is not well taken,and is not allowed.
This leaves for disposition the proposition to quash the service of summons in error, and the question is: Was the service made in such manner and such time that it, in contemplation of law, would be the commencement of an action in error; were the statutory requirements, touching service of summons, complied with, so that an action was commenced and pending, prior to the running of the statute of limitations; i. e., within six months from the time the judgment complained of was rendered, within six months after March 17, 1896, as provided by statute, section 6723, Revised Statutes.
A proceeding in error is a civil action — an action in error —and is commenced and the appearance of the defendant secured,in the same manner as in the commencement of any other action, by service of summons or publication of notice as provided by law. It is expressly provided in section 6713 Revised Statutes,in such case, a petition in error being filed in the proper court, a summons shall issue and be served, or publication made, as in the commencement of an action; thus referring the whole matter of securing the appearance of the defendant in the action, to the general provisions of law relating to the time of commencing actions. It follows lhat the general provisions contained in sections 4987 and 4988,Revised Statutes, defining when and under what circumstances an action is to be deemed commenced by the service of a summons, have direct application to actions *562 in error, and must govern and control in the disposition of the question raised in this case.
Section 4987, Revised Statutes, provides:
“An action shall be deemed commenced, within the meaning of the chapter, as to each defendant, at the date of the summons which is served on him. * *
If that was all the provision on the subject, this action would, in law, have been commenced on June 6, 1896, as that is the date of the summons in question; but, unfortunately for plaintiff in error, there is a further provision in the next following section, which limits and fixes a time in which the service must be made, in order to have the effect of commencing an action; and the time fixed is very much less than that directed by plaintiff in error and used by the sheriff
Section 4988, Revised Statutes, provides:
“An attempt to commence an action, shall be deemed equivalent to the commencement thereof within the meaning of this chapter, when the party diligently endeavors to' procure a service; but such attempt-must be followed by service within sixty days.”
If a good faith attempt to commence an action is made and is followed by service of summons within sixty days,an action is, in law, commenced, and the bar of the statute defeated. This provision is quite liberal, to parties who are in good faith and diligent in endeavoring to procure service so as to have a case pending, and makes it possible, by such exercise of diligence and good faith, to extend the time of the running of the statute of limitations nearly two months. The law always invariably rewards the vigilant and diligent man; but it has no favors for the negligent and dilatory one.
Applying the provisions of the two sections named, 4987-8, to the facts appearing here, we find the service of the summons ineffectual. The facts show an attempt ta commence an action in error on the 6th of June, 1896, by *563 the filing of a petition, and the issuing of a summons; but that attempt is not to be regarded as equivalent to a commencement of an action, for the reason the party did not diligently endeavor to procure service, and did not procure service within sixty days, as the law requires. On the contrary,the plaintiff was amiable and complacent, and so much at leisure in proceeding in the premises that ample time was afforded the limitations statute to fully finish its running and interpose its bar, before even an attempt was made to secure service of the summons.
Enos & Johnson, for Plaintiff in Error.
Harris & Cameron, for Defendant in Error.
The conclusion seems inevitable. There was no such service of summons as the law regards sufficient to cause the case to be pending in the circuit court. The service was ineffectual in law, and is quashed. The question raised is not a new one, but has been noticed by the Supreme Court a"number of times, notably in the 36 Ohio St., 312, where it^is held on somewhat similar facts, that a motion to strike thecase from the docket is the proper mode of procedure,and should be sustained. Following this indication, counsel for defendant in error may file a formal motion to dismiss the action, and, treating it as filed, the motion is sustained, and the petition dismissed.